# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSHUA AYERS, | Case No. 2:17-cv-02171-APG-PAL |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO REMAND** |
| STATE FARM VP MANAGEMENT CORP., | (ECF No. 3) |
| Defendant. | |

Plaintiff Joshua Ayers moves to remand this case to state court, arguing that diversity jurisdiction does not exist. Ayers contends that under 28 U.S.C. § 1332(c)(1), defendant State Farm Mutual Automobile Insurance Company (incorrectly named as State Farm VP Management Corp.) is a citizen of Nevada because this is a direct action and State Farm's insured (Ayers) is a citizen of Nevada. State Farm responds that a direct action does not include a claim by an insured against its own insurer and therefore § 1332(c)(1) does not make State Farm a citizen of Nevada.

Section 1332(c)(1) provides that for the purposes of determining citizenship for diversity jurisdiction, a corporation is a citizen of every State in which it has been incorporated and of the State where it has its principal place of business, "except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of . . . every State . . . of which the insured is a citizen." A "direct action" means "those cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him . . . ." *Searles v. Cincinnati Ins. Co.*, 998 F.2d 728, 728-29 (9th Cir. 1993) (quoting *Beckham v. Safeco Ins. Co.*, 691 F.2d 898, 902 (9th Cir. 1982)). Thus, "a bad faith action against a plaintiff's own insurer is not a 'direct action' within the meaning of § 1332(c)(1)." *Id.*

| | |
|---|---|
| 1 | Here, plaintiff Ayers sues his own insurance company for breach of contract and bad faith. |
| 2 | ECF No. 1 at 10-14. Consequently, this is not a "direct action" within the meaning of |
| 3 | § 1332(c)(1). Ayers is a citizen of Nevada. ECF No. 1 at 10. State Farm is an Illinois corporation |
| 4 | with its principal place of business in Illinois. *Id.* at 1. Complete diversity therefore exists |
| 5 | between the parties. Additionally, the complaint demands the policy limits of $100,000, along |
| 6 | with damages for emotional distress, medical expenses, punitive damages, lost earning capacity, |
| 7 | and attorney's fees. ECF No. 1 at 14. Thus, the amount in controversy requirement has also been |
| 8 | met. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); 28 U.S.C. |
| 9 | § 1332. Because diversity jurisdiction exists, I deny the motion to remand. |
| 10 | IT IS THEREFORE ORDERED that plaintiff Joshua Ayers' motion to remand **(ECF No.** |
| 11 | **3) is DENIED**. |
| 12 | IT IS FURTHER ORDERED that the clerk of court shall correct the case caption to show |
| 13 | the name of the defendant as State Farm Automobile Insurance Company. |
| 14 | DATED this 7th day of September, 2017. |

                                                                                  ANDREW P. GORDON
                                                                                  UNITED STATES DISTRICT JUDGE