# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSHUA AYERS, | Case No. 2:17-cv-02171-APG-PAL |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND** |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | (ECF No. 8) |
| Defendant. | |

Plaintiff Joshua Ayers has insurance coverage through defendant State Farm Mutual Automobile Insurance Company. Ayers was in an accident that totaled his car and injured him. He filed a claim with State Farm because the other driver did not have adequate coverage. When State Farm denied his claim, he filed this lawsuit. State Farm moves to dismiss two of his claims. Because Ayers's unfair practices claim lacks the required factual support and Ayers concedes the breach of fiduciary duty claim should be dismissed, I grant the motion to dismiss with leave to amend.

**I.      Background**

Ayers was in a car accident with another driver who did not have adequate insurance coverage.[1] His vehicle was totaled and he was physically and mentally injured.[2] As a result, Ayers had to rent a car.[3] Ayers filed a claim with his insurer, State Farm, under his uninsured or underinsured motorist coverage.[4] State Farm ultimately denied his claim so Ayers filed a complaint in Nevada state court against State Farm.[5] State Farm removed the case and filed this

---

[1] ECF No. 8, Ex. A.

[2] *Id.*

[3] *Id.*

[4] *Id.*

[5] *Id.*

motion to dismiss two of Ayers's claims.[6]  State Farm argues that the breach of fiduciary duty claim is not recognized under Nevada law and the unfair practices claim does not state the statutory subsections State Farm allegedly violated or any facts supporting a violation.[7]  Ayers concedes his breach of fiduciary duty claim should be dismissed.[8]  He argues that the unfair practices claim is sufficiently pleaded under the state court standard, but requests leave to amend if the complaint is deficient under the Federal Rules of Civil Procedure.[9]

## II. Discussion

The federal rules apply in a removed action.[10]  In deciding a motion to dismiss, I must view the facts in the complaint as true and in a light most favorable to the plaintiff.[11]  Rule 8 requires factual support amounting to more than mere labels or recitations of the claim's elements.[12]  I may draw reasonable inferences from the facts in the complaint but I cannot rely on legal conclusions to find that a claim is properly pleaded.[13]  I must dismiss any cause of action that does not state a plausible claim for which relief can be granted.[14]  When dismissing a claim, I may grant leave to amend when a claim can be remedied by adding facts.[15]

State Farm moves to dismiss Ayers's unfair practices and breach of fiduciary duty claims. Ayers concedes that I must dismiss the breach of fiduciary duty claim so I analyze only the unfair practices claim.

---

[6] ECF No. 8.

[7] *Id.*

[8] ECF No. 12 at 7.

[9] *Id.*

[10] FED. R. CIV. P. 81(c)(1).

[11] *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[13] *Id.*

[14] *Id.* at 679.

[15] *Henry A. v. Willden*, 678 F.3d 991, 1005 (9th Cir. 2012).

The Nevada unfair practices statute lists sixteen practices by insurers that are considered unfair.[16] The complaint does not identify which of those State Farm allegedly violated or any specific actions that State Farm took. Ayers makes conclusory statements as to State Farm's general acts or omissions in dealing with his insurance claim, but those allegations merely recite the unfair practices statutory language.[17] Ayers does not provide factual support to plausibly allege that State Farm took improper actions or failed to act. These recitations are not enough for me to make a reasonable inference as to State Farm's alleged misconduct. Thus, I grant State Farm's motion to dismiss the breach of fiduciary duty and unfair practices claims. However, because it is possible that Ayers could allege facts to plausibly state an unfair practices claim, I grant leave to amend.

### III. Conclusion

IT IS THEREFORE ORDERED that State Farm's motion to dismiss **(ECF No. 8) is GRANTED**. The breach of fiduciary duty claim is dismissed with prejudice. The unfair practices claim is dismissed without prejudice. I grant leave to amend the complaint. Ayers may file an amended complaint within 20 days of entry of this order. If he does not, the case will proceed based on the remaining claims pleaded in the complaint.

DATED this 17th day of October, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[16] Nev. Rev. Stat. § 686A.310(1)(a)–(p).

[17] ECF No. 8, Ex. A.